IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE ANTHONY BROWN, | ) |
| | ) Civil Action No. 20 – 349 |
| Petitioner, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**[1]

Currently pending before the Court are a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Bruce Anthony Brown ("Petitioner") pursuant to 28 U.S.C. § 2254 and a Motion to Dismiss same filed by Respondent Commonwealth of Pennsylvania ("Respondent"). (ECF Nos. 5, 20.) The Petition challenges Petitioner's judgment of sentence imposed on August 5, 2011, after he was convicted of sexual assault and unlawful restraint at CP-63-CR-0001929-2010 in the Court of Common Pleas of Washington County, Pennsylvania. For the following reasons, the Motion to Dismiss will be granted, the Petition will be dismissed as untimely and a certificate of appealability will be denied.

A.   **Procedural Background**

Petitioner was charged by Criminal Information in the Court of Common Pleas of Washington County at CP-63-CR-0001929-2010 with one count each of rape, sexual assault and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. (ECF Nos. 11, 19.)

unlawful restraint.  (ECF No. 21-1, p.73.)  Petitioner proceeded to a jury trial at the conclusion of which he was found guilty of sexual assault and unlawful restraint but not guilty of rape.  (ECF No. 21-1, p.43.)  On August 5, 2011, Petitioner was sentenced to ten to twenty years of imprisonment for sexual assault and a consecutive two-and-a-half to five years of imprisonment for unlawful restraint, for an aggregate sentence of twelve-and-a-half to twenty-five years of imprisonment.  (ECF No. 21-1, pp.15-17.)

Petitioner appealed his judgment of sentence, which was docketed in the Pennsylvania Superior Court at No. 1445 WDA 2011.  (ECF No. 21-4, pp.269-85.)  Petitioner's Concise Statement of Matters Complaint of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) ("Rule 1925(b)") was filed on September 27, 2011.  (ECF No. 21-4, pp.259-63.)  The trial court filed its Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) ("Rule 1925(a)") on February 6, 2012.  (ECF No. 21-4, pp.221-37.)  On December 27, 2012, the Superior Court affirmed the judgment of sentence.  (ECF No. 21-4, pp.185-92.)  Petitioner filed a Petition for Allowance of Appeal ("PAA") in the Pennsylvania Supreme Court, which was docketed at No. 34 WAL 2013.  (ECF No. 21-4, p.199.)  On June 12, 2013, the Pennsylvania Supreme Court denied the PAA.  (ECF No. 21-4, pp.182-83.)  Petitioner did not seek further review before the United States Supreme Court.

On or about June 23, 2014, Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") which was dated June 11, 2014.  (ECF No. 21-2, pp.12-158; ECF No. 21-3, pp.1-142.)  He subsequently filed an amended PCRA petition on or about October 21, 2014.  (ECF No. 21-4, pp.146-53.)  The PCRA court appointed Attorney Mary Bates as counsel for Petitioner who was later replaced by Attorney Stephen Paul.  (ECF No. 21-4, pp.157, 130.)  On October 20, 2016, Attorney Paul filed a motion to withdraw as counsel and

"no merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).  (ECF No. 21-4, pp.88-95.)  Attorney Paul was granted permission to withdraw on October 20, 2016.  (ECF No. 21-4, p.96.)  On December 14, 2016, the PCRA court issued its Notice of Intent to Dismiss, and, on January 17, 2017, the court dismissed Petitioner's PCRA petition.  (ECF No. 21-5, pp.7, 227, 231.)

Petitioner filed a notice of appeal from the dismissal of his PCRA petition that was received and docketed on February 24, 2017, and later docketed in the Superior Court at No. 344 WDA 2017.  (ECF No. 21-5, p.1.)  On April 3, 2017, the PCRA court issued an order directing Petitioner to file a Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b).  (ECF No. 21-5, p.27.)  On June 7, 2017, the PCRA court issued its Rule 1925(a) Opinion finding that Petitioner's claims on appeal were waived due to his failure to file a Concise Statement of Matters Complained of on Appeal pursuant to Rule 1925(b).  (ECF No. 21-5, pp.29-31; 275-77.)  On June 23, 2017, Petitioner filed a notice informing the PCRA court that he never received the court's order dated April 3, 2017 to file a Concise Statement pursuant to Rule 1925(b).  (ECF No. 21-5, pp.33-39.)  On July 24, 2017, Petitioner filed a Motion for Allowance for 1925(b) Concise Statement.  (ECF No. 21-5, pp.41-161.)  On November 14, 2017, Petitioner filed in the Superior Court a document titled Request to Reverse His Convictions.  (ECF No. 21-5, pp.163-67.)  On January 4, 2018, the Superior Court affirmed the dismissal of the PCRA petition on the basis that Petitioner waived all of his claims on appeal due to his failure to file his Concise Statement pursuant to Rule 1925(b).  (ECF No. 1-1.)

On January 2, 2018, Petitioner filed in the Superior Court a document titled Stay Pending Action on Petition for Review, wherein he asserted that he had never received the Rule 1925(b) order dated April 3, 2017 that directed him to file a Concise Statement of Matters Complained of

3

on Appeal. (ECF No. 21-5, pp.169-79.) The Superior Court treated this filing as a timely motion for reconsideration and, on January 30, 2018, vacated its January 4, 2018 order and remanded the case to the PCRA court to determine whether Petitioner had in fact received the Rule 1925(b) order. (ECF No. 21-5, pp.183-93.) The PCRA court scheduled an evidentiary hearing to determine this issue. (ECF No. 21-5, p.181.) At the first hearing, on February 27, 2018, Petitioner requested more time to produce evidence that he had not received the Rule 1925(b) order and indicated that he would produce a logbook showing that he had not signed for the order. (ECF No. 21-13.) The PCRA court granted his request and rescheduled the hearing for April 16, 2018. (ECF No. 21-5, p.195; ECF No. 21-12.) After this hearing, on June 8, 2018, the PCRA court filed a Supplemental Opinion of Court pursuant to Rule 1925(a) noting that Petitioner had presented no evidence to support his contention that he had not received the Rule 1925(b) order and that the docket itself demonstrated that he had been properly served. It thus found that Petitioner had, in fact, received the Rule 1925(b) order and reiterated its prior holding that the failure to file a Rule 1925(b) Concise Statement constituted a waiver of his claims on appeal. Nevertheless, the PCRA court did analyze and find to be without merit the issues raised in Petitioner's untimely filed July 28, 2017 Motion for Allowance for 1925(b) Concise Statement. (ECF No. 21-5, pp.197-225.)

On July 13, 2018, the Superior Court affirmed the dismissal of Petitioner's PCRA petition, declining to address the substance of the untimely Concise Statement after finding that Petitioner waived all of his claims on appeal pursuant to Rule 1925(b)(4)(vii). (ECF No. 21-5, pp.305-08.) Petitioner filed a PAA to the Pennsylvania Supreme Court at No. 364 WAL 2018, which was denied on March 6, 2019. (ECF No. 21-4, pp.1-2; ECF No. 21-5, pp.243-73.) While

Petitioner moved for reconsideration of the denial of the PAA, his motion was returned to him as untimely filed on March 27, 2019. (ECF No. 21-4, pp.3-7; ECF No. 1-3, p.5.)

Petitioner initiated the instant habeas proceedings on or about March 6, 2020.[2] (ECF No. 1.) He raised five grounds for relief in his Petition. (ECF No. 5.) The Respondent filed a Response and a Motion to Dismiss the Petition on October 13, 2020. (ECF Nos. 20, 21.) In response to what Respondent filed, Petitioner filed numerous documents and exhibits. (ECF Nos. 26, 27, 29, 30, 31.) It appears that in one such document, titled Motion for Default Judgment, Petitioner raised numerous additional claims for relief. (ECF No. 29.) The Petition is now ripe for review.

      B.      **<u>Statute of Limitations</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] This is the filing date pursuant to the prison mailbox rule. *See* <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

>   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. <u>Fielder v. Varner</u>, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other exceptions or equitable tolling should be applied on the facts presented.

### C. **Discussion**

Respondent moves to dismiss the Petition on the basis that it was untimely filed, and the Court agrees. The "trigger date" for Petitioner's claims is the date on which his judgment of sentence became final,[3] which in this case was September 10, 2013, the last day Petitioner had to file a petition for writ of certiorari in the United States Supreme Court after the Pennsylvania Supreme Court denied his PAA on June 12, 2013. *See* <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d

---

[3] Petitioner does not argue, nor do his claims presented both in his Petition and in the pleading titled Motion for Default suggest, that an alternative "trigger date" should be utilized.

Cir. 2000) (noting that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review).  Thus, the first day of Petitioner's one-year statute of limitations period was September 11, 2013, and, absent any tolling for "properly filed" applications for post-conviction relief, Petitioner had until September 11, 2014 to file a timely federal habeas petition challenging his judgment of sentence.  As previously noted, however, Petitioner did not file his Petition in this case until March 6, 2020, over five-and-a-half years later.  Accordingly, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.  Here, Petitioner filed a PCRA petition on June 11, 2014, which was 273 days after his judgment of sentence became final.  After the filing of the PCRA petition, Petitioner's one-year statute of limitations was tolled until the Pennsylvania Supreme Court denied his PAA on March 6, 2019.  With only 92 days remaining (365-273=92), Petitioner's one-year statute of limitations started to run again on March 7, 2019, and it fully expired 92 days later, or on June 6, 2019.  As previously stated, Petitioner did not file the instant Petition until March 6, 2020, over nine months after the statute of limitations expired.  As such, the Petition was untimely filed.

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception.  *See* Holland v. Florida, 560 U.S. 631 (2010); *see also*

McQuggin v. Perkins, 569 U.S. 383 (2013). Petitioner, however, has argued for the applicability of neither. As such, the Petition will be dismissed since it was untimely filed.[4]

### D.  **Certificate of Appealability**

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

---

[4] In the alternative, even if the Petition was not time barred, the Court notes that each of Petitioner's claims in his actual Petition, all of which appear to challenge some aspect of his PCRA proceedings, would be subject to dismissal because they are not cognizable in these federal habeas corpus proceedings. *See* Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("habeas proceedings are not the appropriate forum for [petitioners] to pursue claims of error at the PCRA proceeding"); Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation . . . . Federal habeas power is 'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'") (internal citations omitted). *See also* Word v. Lord, 648 F.3d 129, 132 (2d Cir. 2011) (holding that "alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief."); Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to detention itself") (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)); Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.") (internal citations, quotation, and alteration omitted); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure because such claims relate to a state civil matter, not the custody of a defendant") (citing Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) ("because the constitutional error [petitioner] raises focuses solely on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim") (citing Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989)); Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997) ("infirmities in state habeas proceedings do not constitute grounds for relief in federal court"); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation omitted); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). *But cf*. Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir 1996) (noting that errors in state collateral review are not viable claims for federal habeas corpus relief "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause"); Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984) (adjudicating capital defendant's Equal Protection claim because "[t]he fact that a petitioner's underlying claim can only be addressed in state court does not give a state the license to administer its laws in an unconstitutional fashion.").

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has not made the requisite showing in this case. Accordingly, a certificate of appealability will be denied. A separate order will issue.

Dated: June 2, 2021.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Bruce Anthony Brown
KD-4333
SCI Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA  16239

Counsel of Record
(*via CM/ECF electronic mail*)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ANTHONY BROWN, | ) | |
| | ) | Civil Action No. 20 – 349 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**AND NOW**, this 2nd day of June 2021;

**IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, Respondent's Motion to Dismiss (ECF No. 20) the Petition for Writ of Habeas Corpus is **GRANTED** and the Petition (ECF No. 5) is hereby dismissed as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondent and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Bruce Anthony Brown
KD-4333
SCI Forest

P.O. Box 945
286 Woodland Drive
Marienville, PA  16239

Counsel of Record
(*via CM/ECF electronic mail*)