**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRUCE ANTHONY BROWN, | ) | |
| | ) | Civil Action No. 20 – 349 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM ORDER

Petitioner has filed a letter that has been construed as a Motion for Reconsideration (ECF No. 35) of this Court's Order dated June 2, 2021, which granted Respondent's Motion to Dismiss and dismissed the Petition for Writ of Habeas Corpus as untimely (ECF No. 33). Petitioner states that he did not receive the Court's Order and did not discover that his case had been dismissed until August 27, 2022.[1] The only other thing he states in his "motion" is that he made a "mistake" by filing under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and requests leave "to file under the right rules under habeas corpus relief." For the following reasons, Petitioner's motion will be denied.

To the extent Petitioner is requesting this Court to reconsider its order dismissing his Petition for Writ of Habeas Corpus, his request is untimely. A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of judgment[,]" Fed. R. Civ. P. 59(e), and judgment in this case was entered on June 2, 2021.

Notwithstanding the untimely nature of Petitioner's motion, Petitioner has failed to set forth

---

[1] The Court's Opinion, Order and Judgment dated June 2, 2021, were mailed to Petitioner at his address of record and the mail was not returned as undeliverable.

a sufficient basis for this Court to alter or amend its judgment under Rule 59(e).  The standard for

obtaining relief under Rule 59(e) is difficult for a party to meet.  It is not to be used to reargue

matters already argued and disposed of or as an attempt to relitigate a point of disagreement

between the Court and the litigant.  The Court of Appeals has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited.  Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence.  Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010).  "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Id. (quotation marks omitted)[.]

Blystone, 664 F.3d at 415 (first bracketed text added by the court of appeals).

None of the grounds permitting reconsideration under Rule 59(e) apply here.  Petitioner

does not assert an intervening change in the controlling law, the availability of new evidence or a

need to correct a "clear error of law or fact."  Moreover, nothing he describes in his motion establish

the requisite need to prevent a "manifest injustice" that would justify reconsideration of the decision

the Court issued in this case.

Additionally, to the extent Petitioner's motion can be construed as seeking relief pursuant to

Federal Rule of Civil Procedure 60(b), he has also not set forth a sufficient basis for this Court to

grant him relief.  Rule 60(b) allows a party to seek relief from a final judgment, and request

reopening of his case, under a limited set of circumstances, including (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence,

could not have been discovered in time to move for a new trial; (3) fraud or misconduct by an

opposing party; (4) because the judgment is void; (5) because the judgment has been satisfied,

released or discharged; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A

motion made under subsections (1), (2), and (3) must be made within no more than a year after the entry of judgment, and so Petitioner's request would be untimely under those subsections. A motion under subsections (4) and (5) appear to be inapplicable here, and while there is no time limit for a motion made under subsection (6), Petitioner has not met his burden of demonstrating entitlement to relief under that subsection. A court may grant equitable relief under subsection (6) only "in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (citation and internal quotation marks omitted). The Supreme Court has stated that this "will rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Petitioner only states that he made a "mistake" filing under the AEDPA because it imposes a one-year statute of limitations on the filing of habeas petitions in federal court. However, Petitioner was challenging his judgment of sentence out of Washington County, Pennsylvania, and he could only do so through a petition for writ of habeas corpus. The federal habeas statutes were amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and AEDPA's amendments apply to all federal habeas cases filed after it was enacted on April 24, 1996. See Shoop v. Twyford, 142 S. Ct. 2037, 2043 (2022) ("A federal court's power to grant habeas relief is restricted under the [AEDPA].") As part of those amendments, a one-year filing deadline was placed on state prisoners seeking federal habeas review. Petitioner is hereby advised that there are no other federal habeas "rules" under which he could have challenged his judgment of sentence where the one-year limitations period does not apply.

**AND NOW**, this 14th day of September, 2022,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 35) is

**DENIED**.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc:   Bruce Anthony Brown
      KD-4333
      SCI Forest
      P.O. Box 945
      286 Woodland Drive
      Marienville, PA  16239

      Counsel of Record
      (*via CM/ECF electronic mail*)