## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ANTHONY BROWN, | ) | |
| | ) | Civil Action No. 20 – 349 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| *Respondent*. | ) | |

### MEMORANDUM ORDER

Petitioner has filed what is titled "Writ of Coram Nobis" (ECF No. 39).  In this document, Petitioner again claims that he never received the Court's Order dated June 2, 2021, which dismissed his Petition for Writ of Habeas Corpus as untimely, and he argues that he should therefore have the right to respond to it by filing a motion pursuant to Federal Rules of Civil Procedure 59(e) or 60.  Petitioner also appears to request that the Court issue a certificate of appealability.

First, it is noted that a petition for writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person who is no longer "in custody" and therefore cannot seek habeas relief.  Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013).  It is not available to a prisoner, like Petitioner, who is in custody.  *See* Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000).  Therefore, to the extent Petitioner is attempting to collaterally attack his criminal conviction by way of a petition for writ of *coram nobis*, his motion is denied.

Petitioner asserts that he should have the right to respond to the Court's Order dismissing his Petition for Writ of Habeas Corpus as untimely because he never received it.  On September 14,

1

2022, this Court issued an Order denying what was construed as a motion for reconsideration that was filed by Petitioner, and in that Order the Court specifically found that Petitioner had failed to set forth a sufficient basis for this Court to alter or amend its judgment under Rule 59(e), notwithstanding the untimely nature of Petitioner's motion due to his alleged failure to receive the Court's Order dated June 2, 2021.  *See* ECF No. 36.  It also found that Petitioner had failed to set forth a sufficient basis for relief under Rule 60(b).  *See* ECF No. 36.  Petitioner is not barred from filing a motion requesting relief under any particular rule or statute, but his current motion, like his others, fails to set forth a sufficient basis for this Court to grant him any form of relief.

Finally, to the extent Petitioner is requesting that this Court issue a certificate of appealability, his request is denied as moot because this Court already denied a certificate of appealability in its Order dated June 2, 2021.  *See* ECF No. 33.  To the extent Petitioner is requesting reconsideration of that ruling, his motion is also denied because Petitioner has failed to show any sufficient basis that would justify reconsideration of the denial of a certificate of appealability.

**AND NOW**, this 19th day of December, 2022,

**IT IS HEREBY ORDERED** that, for the reasons stated herein, Petitioner's motion titled "Writ of Coram Nobis" (ECF No. 39) is **DENIED**.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:    Bruce Anthony Brown
       KD-4333
       SCI Forest
       P.O. Box 945
       286 Woodland Drive
       Marienville, PA  16239

Counsel of Record
(*via CM/ECF electronic mail*)